IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey O. Riley, ) | |
| ) | C/A No.: 4:12-1894-RMG |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Darlene Drew, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court grant Respondent's motion for summary judgment. (Dkt. No. 19).[1] For the reasons set forth below, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court.

## Background

Petitioner, proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this matter was referred to a Magistrate Judge for all pretrial proceedings. Respondent then filed a motion to dismiss. (Dkt. No. 19). Petitioner then filed a response in opposition to the motion (Dkt. No. 27). The Magistrate Judge then notified the parties that he was converting the motion to dismiss to a motion for summary judgment because both parties had submitted evidence outside the pleadings. (Dkt. No. 30). Respondent then filed a reply. (Dkt. No. 33). The Magistrate Judge then issued an R&R recommending the Court grant Respondent's motion for summary judgment. (Dkt. No. 34). Petitioner then filed timely objections to the R&R. (Dkt. No. 42).

---

[1] Respondent's motion was filed as a motion to dismiss, but was converted by the Magistrate Judge to a motion for summary judgment because both parties submitted evidence outside of the pleadings for the Court's review. (*See* Dkt. No. 30).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Law/Analysis

In this § 2241 petition, Petitioner asserts that a Discipline Hearing Officer ("DHO") improperly adjudicated him guilty of escaping from a federal institution and sanctioned him with 34 days loss of good conduct time, 30 months loss of visitation, and 3 months loss of commissary. In his objections, Petitioner concedes he received due process, but argues that prison staff purposefully manipulated the evidence in order to find him guilty and that he did not leave the prison grounds as charged. (Dkt. No. 42). As stated by the Magistrate Judge, the Court will uphold a decision of a DHO to revoke good conduct time so long as the decision is supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. The Court finds there is ample evidence in the record to satisfy this standard: Petitioner admits that he hid from prison staff, was present in an unauthorized area (Dkt. No. 1 at 9), and there is evidence that he was

observed outside the confines of the compound (Dkt. No. 1-2). Further, the Court can find no evidence in the record that prison staff fabricated evidence, and Petitioner's conjecture on this point is insufficient to create a genuine issue of fact. *See Logan v. Drew*, C.A. No. 2:09-1828-JFA-RSC, 2010 WL 1923655, at *5 (D.S.C. Apr. 5, 2010), *report and recommendation adopted by* 2010 WL 1923654 (D.S.C. May 12, 2010).

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 34). Accordingly, the Court GRANTS Respondent's motion for summary judgment (Dkt. No. 19) and dismisses Petitioner's petition.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard Mark Gergel
United States District Court Judge

May 23, 2013
Charleston, South Carolina